**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4227**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LEVY GUILLERMO RAMIREZ MEJIA, a/k/a Levy Ramirez, a/k/a
Ramirez Levy, a/k/a Levy Guillermo Ramirez-Mejia, a/k/a Levy
Guillermo Mejia Ramirez, a/k/a Levy Guillermo Ramirez,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Liam O'Grady, District Judge.
(1:15-cr-00361-LO-1)

Submitted:  November 15, 2016      Decided:  December 15, 2016

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt,
Appellate Attorney, Elizabeth Mullin, Assistant Federal Public
Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente,
United States Attorney, David Peters, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levy Guillermo Ramirez Mejia (Ramirez) appeals his conviction for unlawful reentry after removal following a conviction for a felony, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). On appeal, he challenges the district court's denial of his motion to dismiss the indictment, arguing that he satisfied the three requirements for a collateral attack on his prior removal order set forth in 8 U.S.C. § 1326(d) (2012). Finding no error, we affirm.

In a prosecution for illegal reentry following an order of removal, a defendant may collaterally attack the removal order that constitutes an element of the offense if he can show: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); see United States v. Lopez-Collazo, 824 F.3d 453, 458 (4th Cir. 2016), petition for cert. filed, __ U.S.L.W. __ (U.S. Sept. 26, 2016) (No. 16-6251). Because these conditions are listed in the conjunctive, a defendant must show all three in order to prevail. Lopez-Collazo, 824 F.3d at 458. "However, if the defendant satisfies all three requirements, the illegal reentry charge must be dismissed as a matter of law." United States v. El Shami, 434

2

F.3d 659, 663 (4th Cir. 2005).  We conduct a de novo review of the district court's denial of a motion to dismiss an indictment under 8 U.S.C. § 1326(d).  Id.

On appeal, Ramirez first claims that he is not barred by the exhaustion requirement set forth in 8 U.S.C. § 1326(d)(1) because exhaustion in this case would have been futile.  "Statutory exhaustion requirements such as that set forth in § 1326(d) are mandatory, and courts are not free to dispense with them."  United States v. Gonzalez-Roque, 301 F.3d 39, 47 (2d Cir. 2002) (internal quotation marks omitted).  "The qualification to this rule is that futility excuses a litigant from a statutory exhaustion requirement 'where the relevant administrative procedure lacks authority to provide any relief or to take action whatsoever in response to a complaint.'"  United States v. Copeland, 376 F.3d 61, 67 (2d Cir. 2004) (quoting Booth v. Churner, 532 U.S. 731, 736 (2001)).

After conducting a de novo review of Ramirez's claims, we agree with the district court that Ramirez cannot demonstrate that administrative remedies were unavailable to him on account of futility.  See United States v. Ramirez Mejia, No. 1:15-cr-00361-LO-1 (E.D. Va. Feb. 23, 2016).  Accordingly, we conclude that Ramirez, who did not appeal the removal order to the Board of Immigration Appeals, failed to exhaust available administrative

remedies to challenge his removal order and is thus barred from collaterally attacking the order under 8 U.S.C. § 1326(d).*

We therefore uphold the district court's denial of Ramirez's motion to dismiss the indictment and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

\* Because Ramirez fails to demonstrate that he exhausted any available administrative remedies to seek relief against the removal order, we need not consider whether his removal proceedings improperly deprived him of the opportunity for judicial review or whether the entry of his removal order was fundamentally unfair. See § 1326(d)(2), (3).

4